**Dismissed and Memorandum Opinion filed March 19, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00649-CV

---

## MARK SAPAUGH, Appellant

### V.

## MORTGAGE ASSESTS MANAGEMENT LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1197744**

---

## MEMORANDUM OPINION

The underlying December 12, 2022 justice-court judgment in this forcible-detainer case dismissed defendant Loyle Sapaugh, deceased, and rendered judgment of possession for plaintiff Mortgage Assests Management LLC against defendant Marla Kay Sapaugh. Marla Kay Sapaugh did not appear, but her son, who was not a named party, did appear. Marla Kay Sapaugh appealed.[1]

---

[1] A county court has appellate jurisdiction in civil cases over which the justice courts have original jurisdiction, including forcible entry and detainer suits. *See* Tex. Gov't Code

In the de novo case in county civil court at law, plaintiff dismissed its claims against Loyle, and the county civil court at law signed a March 10, 2023 final judgment of possession for plaintiff against defendant, whose name was misspelled "Maria Kay Sapaugh."[2] No notice of appeal was filed. The county civil court at law signed an August 18, 2023 judgment nunc pro tunc correcting the spelling of defendant's name, rendering possession for plaintiff against defendant "Marla Kay Sapaugh." Mark Sapaugh filed an August 23, 2023 notice of appeal, suggesting that Marla Sapaugh died on May 6, 2023.

No timely notice of appeal regarding the merits of the underlying March 10, 2023 judgment of possession appears to have been filed, and no one argues that the subsequent judgment nunc pro tunc extended the appellate timetables. Accordingly, this court issued notice on February 21, 2024 that the appeal would be dismissed for want of subject-matter jurisdiction unless any party filed a response within 10 days showing meritorious grounds for continuing the appeal. No response was filed. We dismiss the appeal for want of subject-matter jurisdiction.

PER CURIAM

Panel Consists of Justices Bourliot, Zimmerer, and Spain.

---

§§ 26.042(e), 27.031(a)(2). But in those counties having statutory county courts, the statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts. *See* Tex. Gov't Code § 25.0003(a). Harris County has county civil courts at law. *See* Tex. Gov't Code § 25.1031(a). Thus, in Harris County, the county civil court at law has jurisdiction over appeals from justice court. *See* Tex. R. Civ. P. 509.8 (appeal from justice court).

[2] There is no dispute that defendant was served and was a party to the underlying case.